UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARRELL FARMER,<br><br>    Plaintiff,<br><br>    v.<br><br>RON NEALS, et al.,<br><br>    Defendants. | CAUSE NO. 3:23-CV-78-RLM-MGG |

OPINION AND ORDER

Darrell Farmer, a prisoner without a lawyer, filed a vague complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Farmer alleges that he was found guilty of a disciplinary offense and the DHB Officer, L. Smith, assessed restitution. He seeks to have the restitution order removed. The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and

present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-573 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. Superintendent, Mass Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Campbell v. Miller, 787 F.2d 217, 222 (7th Cir. 1986). So an inmate who that funds were removed from his account to pay restitution related to a disciplinary offense without any evidence to support the amount of the restitution award states a claim pursuant to the Due Process Clause of the Fourteenth Amendment. *See* Tonn v. Dittmann, 607 Fed. Appx. 589 (7th Cir. 2015) ("Because Tonn adequately alleged that the restitution order was not supported by any evidence, we vacate the dismissal of Tonn's due-process claim[.]"). Mr. Farmer, however, doesn't allege that the restitution amount was not supported by evidence or describe any other violation of his due process rights, and so he hasn't stated a claim.

Mr. Farmer also sued Warden Ron Neal. That he oversees the prison doesn't make him liable for the bad acts of his subordinates. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." Horshaw v. Casper, 910 F.3d 1027, 1029 (7th Cir. 2018).

This complaint doesn't state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Farmer may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Darrell Farmer until **June 1, 2023**, to file an amended complaint; and

(2) CAUTIONS Mr. Farmer that if he doesn't respond by June 1, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 28, 2023

                                                  s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT