UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRELL FARMER,

    Plaintiff,

    v.                                       CAUSE NO. 3:23-CV-78-RLM-MGG

RON NEALS, et al.,

    Defendants.

OPINION AND ORDER

Darrell Farmer, a prisoner without a lawyer, initially filed a vague complaint and was granted an opportunity to file an amended complaint. ECF 1; ECF 4. He has now filed his amended complaint. ECF 5. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Farmer alleges that DHB Officer L. Smith found him guilty of battery and assessed restitution. Mr. Farmer previously challenged the finding of guilt in a habeas petition. Farmer v. Warden, 3:22-CV-514-RLM-MGG (filed July 17, 2022), but it was dismissed because he wasn't sanctioned with a loss of earned credit time or a demotion in credit class, so the disciplinary proceedings didn't increase the duration

of his sentence. He alleges that his due process rights were violated and seeks to have the restitution order removed.

The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. Superintendent, Mass Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Campbell v. Miller, 787 F.2d 217, 222 (7th Cir. 1986). When an inmate alleges that funds were removed from his account to pay restitution related to a disciplinary offense without evidence to support the amount of the restitution award, he states a claim under the Due Process Clause of the Fourteenth Amendment. *See* Tonn v. Dittmann, 607 Fed. Appx. 589 (7th Cir. 2015) (dismissal of inmate's due process claim was vacated because he "adequately alleged that the restitution order was not supported by any evidence"). But an inmate was provided with a hearing consistent with Wolff, due process is satisfied for purposes of both revocation of good-time credits and assessment of restitution. Campbell v. Miller, 787 F.2d 217, 224 n.12 (7th Cir. 1986).

In Mr. Farmer's amended complaint, he alleges that DHB Officer Smith didn't call a witness that he requested: the victim of the alleged battery, who wrote a statement saying Mr. Farmer didn't harm him. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974), but "prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. Mr. Farmer's requested witness had already provided a written statement stating he wasn't harmed. The requested testimony was thus cumulative, and it wasn't unreasonable to decline Mr. Farmer's request to have him testify.

Mr. Farmer says that other witnesses who were at the hearing weren't called. He doesn't say who these witnesses were or what they would have said had they been called to testify, so these allegations do not suggest a violation of due process.

Mr. Farmer says there was no evidence that he did anything wrong or that there were any medical expenses to justify restitution. As emphasized in Campbell, "routine matters of prison discipline"—including restitution sanctions—are not akin to formal criminal or civil proceedings, and prisoners are not afforded a "full panoply of rights." Campbell, 787 F.2d at 224. This is because "[s]uch an intrusion on the administration and enforcement of a federal penitentiary's disciplinary regulations is unwarranted and ill-advised." Id. Citing to Wolff, the Campbell court recognized:

3

> Prison disciplinary proceedings . . . take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so. . .. They may have little regard for the safety of others or their property or for the rules designed to provide an orderly and reasonably safe prison life. . .. Guards and inmates co-exist in direct and intimate contact. Tension between them is unremitting. Frustration, resentment, and despair are commonplace.
>
> It is against this background that disciplinary proceedings must be structured by prison authorities; and it is against this background that we must make our constitutional judgments.
>
> [T]here would be great unwisdom in encasing the disciplinary procedures in an inflexible constitutional straitjacket that would necessarily call for adversary proceedings typical of the criminal trial, very likely raise the level of confrontation between staff and inmate, and make more difficult the utilization of the disciplinary process as a tool to advance the rehabilitative goals of the institution.

*Id.* (citing Wolff, 418 U.S. at 561–563).

Officer Smith allegedly relied upon a picture or video that she determined showed Mr. Farmer throwing something into the victim's cell. That may be some evidence of the alleged violation, but Mr. Farmer wasn't permitted to view this footage for security reasons,[1] and it isn't before the court. The court will allow Mr. Farmer to proceed on his claim that he was found guilty of battery and sanctioned in the absence of some evidence to support that finding.

If the finding of guilt is not supported by some evidence, then restitution is likewise not warranted. But if there is some evidence of guilt and injury to

---

[1] Mr. Farmer had a right to request evidence in his defense, *see* Wolff, 418 U.S. at 566, but he didn't necessarily have a right to personally review that evidence. White v. Ind. Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ").

4

the victim, that may be all that is required to justify the award of restitution. Due process doesn't require that Mr. Farmer be *shown* medical bills that justify the imposition of restitution. *See* Tonn, 607 Fed. Appx. at 590 (recognizing a distinction between a claim "asserting a right to *see* the evidence of costs," which does not necessarily implicate due process, and a claim that a "hearing was devoid of [any] such evidence," which can trigger due process concerns) (emphasis in original). *See* Campbell, 787 F.2d at 225 (when it has been determined an inmate challenging a restitution sanction "was afforded procedural due process consonant with the circumstances of his incarceration" pursuant to a disciplinary hearing related to that charge, he hasn't stated a valid Fourteenth Amendment claim).[2]

---

[2] The Indiana Department of Correction Policy and Administrative Procedure Disciplinary Code for Adult Offenders, number 02-04-101 § IX(E)(3), provides that restitution may be imposed as a sanction for a disciplinary offense. https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf (last visited June 30, 2023). With regard to restitution for medical expenses, footnote five of that section states:

> If it is not possible to determine the amount of medical restitution at the time of hearing due to ongoing medical treatment or a delay in receiving the medical bills, the Disciplinary Hearing Officer may assess a medical expense restitution sanction up to an estimated amount. . . . [A] Disciplinary Hearing Officer is encouraged to use his or her own judgment and experience to determine the appropriate amount of an estimate. . . .

*Id*. As to the extraction of funds from a prisoner's account, that same footnote explains:

> [A] Disciplinary Hearing Officer shall make certain that appropriate facility personnel are aware of an ongoing medical restitution sanction, and that a hold is placed upon the offender's trust account if appropriate. A facility Warden or designee shall make certain that appropriate

Mr. Farmer also sued Warden Ron Neal. While Warden Neal oversees the prison, that doesn't make him liable for the bad acts of his subordinates. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." Horshaw v. Casper, 910 F.3d 1027, 1029 (7th Cir. 2018).

For these reasons, the court:

(1) GRANTS Darrell Farmer leave to proceed against Ms. Smith in her individual capacity for compensatory damages for convicting Mr. Farmer of a disciplinary offense and assessing restitution in the absence of any evidence, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ron Neal;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. Smith at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 5);

---

facility personnel track medical bills from a given event, and that the bills are accounted for and assessed against the subject offender and that the offender is appropriately notified when monies are withdrawn from the offender's trust account for purposes of payment of a medical restitution sanction.

*Id*. Mr. Farmer's complaint doesn't claim that the defendants overcharged his prisoner trust account, that the hold should now be removed because the debt has been paid, or even that any money has been deducted. Rather, his complaint is based on his belief that the prison officials can't impose restitution against him because the determination was not supported by evidence of injury or any medical bills to establish the amount of restitution.

6

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if she does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. Smith to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 30, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT