UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRELL FARMER,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-78-MGG

RON NEALS, et al.,

    Defendants.

OPINION AND ORDER

Darrell Farmer, a prisoner without a lawyer, filed a second amended complaint. ECF 20. At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. In the interests of justice, the court construes the filing of the amended complaint as including a request for leave to amend and will grant the request and screen the amended complaint.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Farmer's amended complaint alleges essentially the same facts as his earlier complaint, although he is no longer suing Ron Neal. He alleges that DHB Officer L. Smith found him guilty of battery and assessed restitution. He further alleges that neither the conviction nor the restitution amount was supported by the evidence, in violation of the due process clause. Farmer previously challenged the finding of guilt in a habeas petition. *Farmer v. Warden*, 3:22-CV-514-RLM-MGG (filed July 17, 2022), but it was dismissed because he was not sanctioned with a loss of earned credit time or a demotion in credit class, so the disciplinary proceedings did not increase the duration of his sentence.

The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass*

*Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Where an inmate alleges that funds were removed from his account to pay restitution related to a disciplinary offense without any evidence to support the amount of the restitution award, he states a claim pursuant to the Due Process Clause of the Fourteenth Amendment. *See Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) (dismissal of inmate's due process claim was vacated because he "adequately alleged that the restitution order was not supported by any evidence"). However, where an inmate is provided with a hearing consistent with *Wolff*, due process is satisfied for purposes of both revocation of good-time credits and assessment of restitution. *Campbell v. Miller*, 787 F.2d 217, 224 n.12 (7th Cir. 1986).

Farmer was granted leave to proceed against Ms. Smith in her individual capacity for compensatory damages for convicting Farmer of a disciplinary offense and assessing restitution in the absence of any evidence, in violation of the Fourteenth Amendment. While the details included in the second amended complaint vary slightly from the earlier complaint, it still states the same claims against the same defendant.

For these reasons, the court:

(1) GRANTS Darrell Farmer leave to amend his complaint;

(2) GRANTS Darrell Farmer leave proceed against Ms. Smith in her individual capacity for compensatory damages for convicting Farmer of a disciplinary offense and assessing restitution in the absence of any evidence, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims; and

(4) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. Smith to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 15, 2024

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge